IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OHIO CENTRAL RAILROAD, INC., *et al* | : : : Case No. 2:18-cv-1214 |
| Plaintiffs, | : : JUDGE ALGENON L. MARBLEY |
| v. | : |
| MACTON CORPORATION, | : Magistrate Judge Vascura |
| Defendant. | : : |

## OPINION & ORDER

This matter comes before the Court on Plaintiffs' Motion for Default Judgment. (ECF No. 10). Plaintiffs Ohio Central Railroad, Inc. ("OHRC") and Indiana & Ohio Railway Co. ("IORY") have successfully applied to the Clerk for Entry of Default as to Defendant, and the Clerk has so entered. (ECF Nos. 8-9). Plaintiffs now request this Court enter an order of default judgment and award damages.

Federal Rule of Civil Procedure 55(a) provides that when a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). To obtain a default judgment under Rule 55(b), there must first be an entry of default under 55(a) with the Clerk. *See Shepard Claims Serv. Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986) (stating "entry of default is . . . the first procedural step on the road to obtaining a default judgment."). Rule 12(a)(1)(A)(i) states that a defendant "must serve an answer within 21 days after being served with a complaint." FED. R. CIV. P. 12(a).

A court's determination of damages in a default judgment depends on whether the damages are calculable and/or liquidated. If the damages are calculable or liquidated, then the

court will award the calculable damages to the plaintiff without an evidentiary hearing because the facts establishing the damage are not distinct from the facts establishing liability. *See United States v. Di Mucci*, 879 F.2d 1488, 1497-98 (7th Cir. 1989) (stating that an evidentiary hearing is not required if the damages are liquidated or can be definitively calculated from evidence and that in such cases the same facts establish the need for liability as well as damages); *Barnes v. Abraham, Inc.*, No. 2:17-CV-279, 2017 WL 5714091 at *2 (S.D. Ohio Nov. 28, 2017) (quoting *United States v. Parker-Billingsley*, No. 3:14-CV-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015)) ("A court may determine damages without holding an evidentiary hearing if the damages are 'capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'"). However, if the damages are unliquidated, the default judgment establishes only that the defendant is liable and the plaintiff must prove damages. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (quoting *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982)) (citing *Kelley v. Carr*, 567 F.Supp. 831, 841 (W.D. Mich. 1983)). Typically, such cases will necessitate the court holding an evidentiary hearing where the court can evaluate the plaintiff's claims for damages and the defendant can respond to such claims before the court makes its determination. *See Id*. at 110-11 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992).

  Plaintiffs filed a complaint against Defendant on October 11, 2018 for breach of express warranty, breach of contract, breach of implied warranty of fitness for particular purpose, statutory and common law breach of implied warranty of habitability, negligence, negligent misrepresentation, unjust enrichment, and declaratory judgment. (ECF No. 1). As part of their complaint, Plaintiffs sent Defendant a request to waive service of a summons but Defendant never waived. (*Id.* at 68). A summons was issued on October 12, 2018 and sent via Certified

Mail to Defendant on November 16, 2018. (ECF Nos. 5-6). The summons was served on Defendant on November 20, 2018 (ECF No. 7) and thus Defendant's reply to Plaintiffs' complaint was due on December 11, 2018, twenty-one days after service. FED. R. CIV. P. 12. Defendant never replied. (ECF No. 8). On February 5, 2019, Plaintiffs applied for an entry of default and default was entered on February 6, 2019. (ECF Nos. 8-9). Plaintiffs then moved for default judgment and damages on February 14, 2019. (ECF No. 10).

Plaintiffs have provided evidence establishing the calculability of their damages and thus this Court can determine the appropriate amount of damages without an evidentiary hearing.

Here, OHCR is entitled to $145,200 in damages. After Macton sent OHCR a proposal on November 3, 2016, OHCR purchased the jacks for a total of $141,000. (Gibson Aff. ¶¶ 4-5, ECF No. 10). They also paid Macton $4,000 for start-up and training assistance, bringing the total paid to Macton up to $145,000. (*Id*. at ¶ 5). This amount was paid in three installments. First, OHCR paid $78,692 on December 22, 2016. (Ex. A-2, ECF No. 10). Second, OHCR paid Macton $48,208 on April 11, 2017. (Ex. A-3, ECF No. 10). Finally, OHCR paid the remaining $18,100 on June 6, 2017 for a total of $145,000. (Collier Aff. ¶ 6, ECF No. 10; Ex. A-4, ECF No. 10). OHCR returned these jacks to Macton, but Macton never refunded the purchase. (Collier Aff. ¶¶ 7-8, ECF No. 10). Further, OHCR is entitled to $200 in filing fees paid to pursue this suit. (Evans Aff. ¶ 10, ECF No. 10).

IORY is entitled to $127,100 in damages. After Macton sent a proposal on February 3, 2017, IORY agreed to purchase four jacks for a total of $141,000. (Gibson Aff. ¶¶ 4-5, ECF No. 10.) IORY made two of three scheduled payments on this purchase. (*Id.* at ¶ 6). First, on March 21, 2017, IORY paid Macton $70,500. (Ex. B-2, ECF No. 10). IORY made the second payment of $56,400 on July 6, 2017.( Ex. B-3, ECF No. 10). Thus, IORY paid Macton a total of

$126,900. (Gibson Aff. ¶ 6, ECF No. 10). IORY returned the jacks to Macton but never received any refund. (*Id.* at ¶¶ 7-8). Also, IORY incurred $200 in filing fees to pursue this claim against Macton. (Evans Aff. ¶ 10, ECF No. 10).

Because Defendant has failed to respond to the Complaint and Plaintiffs have properly applied for default, and the clerk has so entered, this Court **GRANTS** Plaintiffs' Motion for Default Judgment. Further, because Plaintiffs have provided ample evidence of the calculable damages incurred, this Court **AWARDS** $145,200 in damages to Ohio Central Railroad, Inc. and $127,100 to Indiana & Ohio Railway Co.

**IT IS SO ORDERED.**

                                                    s/Algenon L. Marbley
                                                   **ALGENON L. MARBLEY**
                                                   **UNITED STATES DISTRICT JUDGE**

**DATED: June 4, 2019**